## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) )  ) |
| v. | ) Criminal No. 24-cr-00208-JMC )  |
| **LIN MARIE CAREY,** | ) )  |
| **Defendant.** | ) ) |

### MOTION TO WITHDRAW COUNSEL

Defendant Lin Marie Carey, by and through the undersigned counsel, and pursuant to Rule 44.5(d) of the Local Criminal Rules for the U.S. District Court for the District of Columbia and Rule 1.16(a)(1) of the D.C. Bar Rules of Professional Conduct[1], respectfully moves this Court for an order withdrawing the undersigned Criminal Justice Act ("CJA") attorney, Stanley E. Woodward, Jr., as counsel of record for Ms. Carey. Earlier this month, President-Elect Donald Trump announced his intent to appoint the undersigned counsel to serve as Assistant to the President and Senior Counselor in his administration upon his inauguration to the presidency.[2] Accordingly, Mr. Woodward's representation of Ms. Carey is no longer possible under Presidential Transition Act of 1963, 3 U.S.C. 102 note ("PTA" or the "Act").

### I. BACKGROUND

On May 1, 2024, the government filed an indictment against Ms. Carey in connection with her alleged participation at the events that occurred at the U.S. Capitol on

---

[1] The District Court for the District of Columbia has held that that the District of Columbia Rules of Professional Conduct govern, "practice of law in this District." *Paul v. Judicial Watch, Inc.*, 571 F. Supp. 2d 17, 20 (D.D.C 2008) (citing Rules of the United States District Court for the District of Columbia, LCvR 83.15).

[2] *Statement of President Donald J. Trump*, Trump Vance 2025 Transition, Inc. (Jan. 4, 2025), https://www.trumpvancetransition.com/s/trump-announces-additional-wh-staff-.

January 6, 2021.  Ind. (May 10, 2024) (ECF No. 10).  The Indictment charged Ms. Carey will the following alleged violations: obstruction of an official proceeding and aiding and abetting in violation of 18 U.S.C. §§ 1512(c) and 2 (Count One);  entering and remaining in a restricted building or grounds in violation of 18 U.S.C. 1752(a)(1) (Count Two); disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Three); disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four); and parading, demonstrating or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Five).  *Id.*

## II.  DISCUSSION

"[T]he orderly transfer of the executive power is one of the most important public objectives in a democratic society.  The transition period insures that the candidate will be able to perform effectively the important functions of his or her new office as expeditiously as possible."  Memorandum from Randolph D. Moss, Assistant Attorney General, OLC, *Definition of "Candidate" Under 18 U.S.C. §207(j)*, 2000 WL 33716979, at *4 (Nov. 6, 2000) (cleaned up). "One of the top priorities of any presidential administration is to protect the country from foreign and domestic threats.  While a challenge at all times, the country is especially vulnerable during the time of presidential transitions . . . ."[3]  Thus, the transition process is "an integral part of the presidential administration," in the "national interest," and part of President Trump's "public function," as he prepares to govern.[4]

---

[3] Center for Presidential Transition, *Presidential Transitions are a Perilous Moment for National Security* (Aug. 16, 2023), https://presidentialtransition.org/reports-publications/presidential-transitions-are-a-perilous-moment-for-national-security.

[4] OLC, *Reimbursing Transition-Related Expenses Incurred Before The Administrator Of General Services Ascertained Who Were The Apparent Successful Candidates For The Office Of President And Vice President* (Jan. 17, 2001), https://www.justice.gov/file/146186-0/dl?inline.

Rule 1.16 of the Rules of Professional Conduct for the District of Columbia Bar states that, "a lawyer. . . shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct *or other law*."  District of Columbia Rules of Professional Conduct 1.16(a)(3) Rule 1.16(a)(3) (emphasis added).  Federal law provides for the "orderly transfer of Executive powers in connection with the expiration of the term of office of a President and the inauguration of a new President."[5]  "The transition process is "an integral part of the presidential administration," in the "national interest," and part of President Trump's "public function[.]"[6]  The President-elect has already commenced this complex, sensitive, and intensely time-consuming process, which is a "monumental undertaking."[7]  In pursuit of a smooth transition of power, the Presidential Transition Act of 1963, 3 U.S.C. 102 note ("PTA" or the "Act") was promulgated to "promote the orderly transfer of the executive power in connection with the expiration of the term of office of a President and the inauguration of a new President[,]" because, "national interests requires that such transitions in the office of President be accomplished so as to assure continuity in the faithful execution of the laws and in the conduct of the affairs of the Federal Government, both domestic and foreign."  3 U.S.C. 102 note, § 2.  Accordingly, the Act calls for "appropriate actions be authorized and taken to avoid or minimize any disruption[,]" which requests that "*all officers of the Government* so conduct the affairs of the Government for which they exercise responsibility and authority as (1) to be mindful of problems occasioned by transitions in the office of President, (2) to take appropriate lawful steps to avoid or minimize

---

[5] OMB, No. M-24-13, Memorandum for Heads of Executive Departments and Agencies (Apr. 26, 2024), https://www.whitehouse.gov/wp-content/uploads/2024/04/M-24-13-Implementing-the-Presidential-Transition-Act.pdf.

[6] *Supra* n. 4.

[7] GSA, Presidential Transition Directory: Ethics & Accountability, https://www.gsa.gov/governmentwide-initiatives/presidential-transition-2024/ethics-and-accountability.

disruptions that might be occasioned by the transfer of the executive power, and (3) otherwise to promote orderly transitions in the office of President." *Id.* (emphasis added).

Mr. Woodward's representation of Ms. Carey stands to complicate the demands of his recent appointment to the Office of the President, thereby undermining Congress' intent of the PTA to ensure such smooth presidential transitions. Now one of the President-Elect's closest advisors, Mr. Woodward must take all "appropriate actions" to "avoid or minimize any disruptions" to the presidential transition, including in this time preceding President Trump's inauguration. 3 U.S.C. 102 note, § 2; *see also United States v. Cisneros*, 169 F.3d 763, 764 (1999) (citing U.S. CONST. amend. XX, § 1) ("For a smooth transition, the selection of potential nominees, the investigations of their backgrounds, and the adjudications of their security clearances *must begin well before the President takes the oath on January 20th*.") (emphasis added). Such appropriate actions, *inter alia*, require Mr. Woodward to prioritize the demands of the presidential transition in the national interest, which may interfere with his ability to serve as adequate counsel to Ms. Carey. Put differently, if Mr. Woodward proceeded with his representation of Ms. Carey, while simultaneously balancing the colossal undertaking that is the presidential transition, he would inevitably invite precisely the types of disruptions to the presidential transition that the PTA seeks to prevent. Mr. Woodward is not the only party bound by the PTA in this matter – so too are the Court and the prosecutors in this matter required "to promote orderly transitions in the office of President" as "officers of the government." 3 U.S.C. § 102 note, § 2. Accordingly, the Court and the prosecutors in this matter are urged to accommodate Mr. Woodward's pursuit of the same, as they the Act requires them too, as "officers of the government" to take measures to "to be mindful of problems occasioned by transitions in the office of President" and "to take appropriate lawful steps to avoid or minimize disruptions that might be occasioned by the transfer of the executive

power." *Id.* Thus, the Court and prosecutors should honor Mr. Woodward's request to withdraw as counsel for Ms. Carey at this juncture.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Woodward's Motion to Withdraw as CJA Counsel for Ms. Carey.

Dated: January 19, 2025

Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Lin Marie Carey*

## CERTIFICATE OF SERVICE

On January 19, 2025, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

*s/ Stanley E. Woodward, Jr.*